# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

26th This Settlement Agreement and Release ("Agreement") is made and entered into this ___ day of January, 2017, by and among (1) Plaintiff (as defined below), for itself and on behalf of the Settlement Class (as defined below), and (2) Defendant (as defined below), subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure. As provided herein, Plaintiff, Class Counsel (as defined below), and Defendant hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a Final Order and Judgment, all claims of the Settlement Class against Defendant in the action titled *ARcare, Inc. v. Cynosure, Inc.*, No. 16 Civ. 11547 (D. Mass.) (the "Action"), shall be settled and compromised upon the terms and conditions contained herein.

## I.   Recitals

1.   On July 27, 2016, Plaintiff ARcare, Inc. filed a class action complaint in the United States District Court for the District of Massachusetts, alleging that Cynosure, Inc. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and regulations promulgated thereunder by the Federal Communications Commission ("FCC"), by sending facsimile advertisements without the prior express invitation or permission of Plaintiff or putative class members or without an opt-out notice containing the elements prescribed by the TCPA and FCC regulations.

2.   On September 30, 2016, Cynosure filed its answer to the Complaint, denying liability, denying that the case could be certified as a class action, and asserting twelve affirmative defenses against the claims of Plaintiff and the putative class.

3.   On November 8, 2016, the United States Court of Appeals for the D.C. Circuit heard argument in *Bais Yaakov of Spring Valley v. FCC*, No. 14-1234, a challenge to the FCC's authority to promulgate rules governing the content of facsimile advertisements sent to recipients who invited or otherwise permitted communications from the sender.

4.   On November 28, 2016, the Parties participated in a full-day mediation led by the Hon. Edward A. Infante (Ret.) of JAMS, at which the parties reached agreement in principle to settle on the terms embodied in this Agreement.

5.   Class Counsel have investigated the facts and law underlying the claim asserted in the Action. Prior to the mediation, Class Counsel requested, and Cynosure produced, data and documents regarding the claims of Settlement Class Members (as that term is defined below). Cynosure also made available for questioning a person with knowledge of the data and documents provided.

6.   The data and documents indicate that Cynosure sent hundreds of thousands of facsimiles promoting seminars. Plaintiff alleges that these facsimiles did not fully comply with the FCC rules at issue in *Bais Yaakov*.

7. The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims (as that term is defined below) of the Settlement Class.  The Parties intend this Agreement to bind Plaintiff, Cynosure, and all Settlement Class Members who do not timely request to be excluded from the Settlement (as defined below).

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    Definitions

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

8. "Cynosure" means Cynosure, Inc.

9. "Claim" means a written request submitted by a Settlement Class Member to the Settlement Administrator seeking a distribution from the Settlement Fund.

10. "Claimant" means a Settlement Class Member who submits a Claim.

11. "Claim Deadline" means 90 days after the Notice Deadline.

12. "Claim Form" means a form provided by the Settlement Administrator for the purpose of making a Claim.

13. "Class Counsel" means:

Phillip A. Bock
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N LaSalle St., Suite 1000
Chicago, IL 60602

Randall K. Pulliam
CARNEY, BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR 72201

Alan Cantor
SWARTZ & SWARTZ, P.C.
10 Marshall Street
Boston, MA 02108

14. "Class List" means the list of unique, properly formatted numbers to which Cynosure attempted to send one or more facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure during the Class Period.

15.     "Class Period" means the period from July 27, 2012 to Preliminary Approval.

16.     "Court" means the United States District Court for the District of Massachusetts.

17.     "Defendant" means Cynosure, Inc.

18.     "Effective Date" means the fifth business day after which all of the following events have occurred:

        a.   All Parties, Cynosure's counsel, and Class Counsel have executed this Agreement;

        b.   The Court has entered without material change the Final Approval Order; and

        c.   The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired and relief from a failure to file same is not available.

Notwithstanding the foregoing, the Effective Date shall not be earlier than 35 days after Final Approval.

19.     "Final Approval" means the date that the Court enters the Final Approval Order.  In the event that the Court issues separate orders addressing the matters in Exhibit F, then Final Approval means the date of the last of such orders.

20.     "Final Approval Order" means the order and judgment that the Court enters upon Final Approval, which shall be substantially in the form attached hereto as Exhibit F.  In the event that the Court issues separate orders addressing the matters constituting Final Approval, then Final Approval Order includes all such orders.

21.     "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement.

22.     "Notice Deadline" means 14 days after the Preliminary Approval.

23.     "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of (1) a faxed notice to each number included in the Class List ("Fax Notice"); (2) mailed notice to those individuals or businesses associated with facsimile numbers on the Class List to which facsimile notice is unsuccessful after three attempts, to the extent those addresses can be reasonably determined ("Mail Notice"); and (3) Long-Form Notice posted on the Settlement Website.  The form of the Fax Notice, Mail

Notice, and Long-Form Notice shall be substantially in the form attached hereto as Exhibits A, B, and C and approved by the Court.  The Fax Notice and Mail Notice shall have the Claim Form, substantially in the form attached hereto as Exhibit D, attached thereto.

24.     "Objection Deadline" means 60 days after the Notice Deadline.  The Objection Deadline will be specified in the Notice.

25.     "Opt-Out Deadline" means 60 days after the Notice Deadline.  The Opt-Out Deadline will be specified in the Notice.

26.     "Parties" means Plaintiff and Cynosure.

27.     "Plaintiff" means ARcare, Inc.

28.     "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement in the form substantially the same as in the attached Exhibit E.

29.     "Released Claims" means all claims to be released as specified in Section XIV hereof.  The "Releases" means all of the releases contained in Section XIV hereof.

30.     "Released Parties" means those persons and entities released as specified in Section XIV hereof.

31.     "Releasing Parties" means Plaintiff and all Settlement Class Members who do not timely and properly opt out of the Settlement, and each of their respective predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates, trustees, heirs, assigns, and beneficiaries.

32.     "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement.

33.     "Settlement Administrator" means Kurtzman Carson Consultants.  Class Counsel and Cynosure may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally.  In the absence of agreement, either Class Counsel or Cynosure may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

34.     "Settlement Class" means the class defined in Section III hereof.

35.     "Settlement Class Member" means any person included in the Settlement Class.

36.     "Settlement Fund" means the total cash consideration to be made available by Cynosure pursuant to Section IV below, being the sum of $16,000,000.00.

37.     "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program.

**III.    Certification of the Settlement Class**

38.     For settlement purposes only, Plaintiff agrees to ask the Court to certify the following "Settlement Class" under Rule 23(b)(3) and (e) of the Federal Rules of Civil Procedure:

> All persons or entities who were sent one or more facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure from July 27, 2012 through the date of preliminary approval.
>
> Excluded from the Class are all current employees, officers, and directors of Cynosure, and the judge presiding over this Action and his staff.

**IV.    Settlement Consideration**

39.     The total cash consideration to be made available by Cynosure pursuant to the Settlement shall be $16,000,000.00 to cover cash compensation to the Settlement Class, inclusive of all attorneys' fees and costs, the Service Award (as defined below), and all fees, costs, charges, and expenses of the Settlement Administrator incurred in connection with the administration of the Notice Program as set forth in Section VII hereof and the processing and payment of Claims as set forth in Sections XI and XII hereof.

**V.    Settlement Approval**

40.     Upon execution of this Agreement by all Parties, Class Counsel shall promptly move the Court for an Order granting preliminary approval of this Settlement ("Preliminary Approval Order").  The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and Cynosure, and substantially in the form as that attached hereto as Exhibit E.  The motion for preliminary approval shall request that the Court:  (1) approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only; (3) designate Plaintiff as the Class Representative; (4) appoint Class Counsel; (5) approve the Notice Program set forth herein and approve the form and content of the Notice of the Settlement; (6) approve the procedures set forth in Section VIII hereof for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement; (7) schedule a Final Approval hearing for a time and date mutually convenient for the Court, Class Counsel, and counsel for Cynosure, and no earlier than 90

days after the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") notices are served ("Final Approval Hearing"); and (8) permit the Settlement Administrator to send the Fax Notice to Settlement Class Members by facsimile transmission.

41. Within 10 days of the filing of the Motion for Preliminary Approval, Cynosure shall serve or cause to be served notice of the proposed Settlement, in conformance with the CAFA.

## VI.  <u>Settlement Administrator</u>

42. The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraphs hereafter and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, providing Notice to Settlement Class Members as described in Section VII; establishing and maintaining the Settlement Website; administering the Claims process; distributing the Settlement Proceeds as provided herein; and paying the remainder of any Settlement Proceeds to Cynosure in the event of a termination of the Settlement pursuant to Section XVII hereof.

43. The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

 a. Obtain from Cynosure the Class List, for the purpose of sending the Fax Notice to Settlement Class Members, and to determine addresses and send the Mail Notice if reasonably practicable;

 b. Establish and maintain a Post Office box for (i) the submission of Claims; and (ii) mailed requests for exclusion from the Settlement Class;

 c. Establish and maintain the Settlement Website as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long-Form Notice, the order preliminarily approving this Settlement, and such other documents as Class Counsel and Cynosure agree to post or that the Court orders posted on the website;

 d. Establish and maintain an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

 e. Establish and maintain a toll-free fax number for Settlement Class Members to submit Claim Forms;

 f. Respond to any mailed inquiries from Settlement Class Members;

 g. Process all requests for exclusion from the Settlement Class;

    h.   Provide reports on request, and, no later than five days after the Opt-Out and Objection Deadlines, a final report to Class Counsel and Cynosure that summarizes the number of requests for exclusion and objections received during that period, the total number of exclusion requests and objections received to date, and other pertinent information;

    i.   Payment of any taxes pursuant to paragraph 60;

    j.   At Class Counsel's request in advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that identifies each Settlement Class Member who timely and properly requested exclusion from the Settlement Class;

    k.   Process and transmit distributions to Settlement Class Members from the Settlement Fund;

    l.   Review, determine the validity of, and respond to all Claims;

    m.   Provide reports on request and a final report to Class Counsel and Cynosure that summarizes the number of Claims since the prior reporting period, the total number of Claims received to date, the number of any Claims granted and denied since the prior reporting period, the total number of Claims granted and denied to date, and other pertinent information;

    n.   Pay invoices, expenses, and costs upon approval by Class Counsel and Cynosure, as provided in this Agreement; and

    o.   Perform any settlement administration-related function at the instruction of Class Counsel and Cynosure, including, but not limited to, verifying that Settlement Funds have been distributed as required by Section XII hereof.

44.   The documents specified in paragraph 43(c) shall remain on the Settlement Website at least until Final Approval.  The URL of the Settlement Website shall be www.cynosuretcpasettlement.com or such other URL as Class Counsel and Cynosure may subsequently agree upon in writing.  The Settlement Website shall not include any advertising, and shall not bear or include the Cynosure logo or Cynosure trademarks.  Ownership of the Settlement Website URL shall be transferred to Cynosure within 10 days of the date on which operation of the Settlement Website ceases.

## VII.   Notice to Settlement Class Members

45.   As soon as Preliminary Approval is granted, Cynosure will provide to the Settlement Administrator the Class List.  The Settlement Administrator shall then implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order.  The Notice shall include, among other information:  a description of the material terms of the Settlement; a description of the Settlement Class Members' right to "opt out" or exclude themselves from the Settlement and the Opt-Out Deadline; a description of the Settlement Class Members' right to object to the Settlement and the Objection Deadline; the date upon which the Final Approval Hearing

is scheduled to occur; a description of the Claims process; and the address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information.  Class Counsel and Cynosure shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Notices provided under or as part of the Notice Program shall not bear or include the Cynosure logo or trademarks or the return address of Cynosure, or otherwise be styled to appear to originate from Cynosure.

46.     Notice shall be provided to Settlement Class Members through the Notice Program. Notice shall be provided substantially in a form as that attached hereto as Exhibits A, B, and C.

47.     After the Settlement Administrator receives the Class List, the Settlement Administrator (1) shall send the Fax Notice by facsimile transmission to the facsimile numbers included in the Class List; (2) attempt two times to re-send the Fax Notice to any facsimile numbers to which the Fax Notice is initially unsuccessfully sent; and (3) determine, through reasonable efforts, the mail addresses associated with facsimile numbers on the Class List to which the Fax Notice is not successfully sent after three attempts, and send the Mail Notice to those addresses (together, the "Fax and Mail Notice Program").

48.     The Fax and Mail Notice Program shall be completed by the Notice Deadline.

49.     Within 25 days after Preliminary Approval is granted, the Settlement Administrator shall post the Long-Form Notice on the Settlement Website.

50.     Within seven days after the date the Settlement Administrator completes the Mail Notice Program, the Settlement Administrator shall provide Class Counsel and Cynosure an affidavit that confirms that the Notice Program was completed in a timely manner.  Class Counsel shall file that affidavit with the Court as an exhibit to or in conjunction with Plaintiff's motion for final approval of the Settlement.

51.     All costs of the Notice Program shall be deducted from the Settlement Fund.

52.     Within the parameters set forth in this Section VII, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and Cynosure.

## VIII.   Opt Out and Objections

53.     Exclusion/Opt Out.  Any Settlement Class Member may exclude himself or herself from the Settlement Agreement and Release, and from its binding effect, by sending to the Settlement Administrator, postmarked by the Opt-Out Deadline, a written request to opt out or be excluded from the Settlement.  The request must include the individual's name, address, and fax number; a statement that he or she wants to be excluded from the Settlement in *ARcare, Inc. v. Cynosure, Inc.*, No. 16 Civ. 11547 (D. Mass.); and the individual's signature.  The Settlement Administrator shall provide the Parties with copies of all completed opt-out requests, and Plaintiff shall file a list of all who have effectively opted out of the Settlement, consistent with the terms of this Agreement, with

the Court no later than 7 days prior to the Final Approval Hearing.  (Settlement Class Members included on this list shall be referred to as "Settlement Class Opt-Outs.")  Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement.

54.     Objections.  Any Settlement Class Member who does not opt out of the Settlement may object to any aspect of the Settlement.  Objections must be electronically filed with the Court, or mailed to the Clerk of the Court, with copy to Class Counsel and Cynosure's counsel.  For an objection to be considered by the Court, the objection must be electronically filed or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Notice.

55.     For an objection to be considered by the Court, the objection must also set forth:

   a.   The name of the Action (*ARcare, Inc. v. Cynosure, Inc.*, No. 16 Civ. 11547 (D. Mass.));

   b.   The objector's full name, address, and fax number;

   c.   An explanation of the basis upon which the objector claims to be a Settlement Class Member;

   d.   All grounds for the objection, accompanied by any legal support for the objection;

   e.   The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

   f.   Whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

   g.   A list of all other class action settlements to which the objector or their counsel filed an objection;

   h.   A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

   i.   The objector's signature (an attorney's signature is not sufficient).

## IX.   **Final Approval Order and Judgment**

56.     Plaintiff's motion for preliminary approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur.  Plaintiff shall file its motion for final approval of the Settlement no later than 7 days prior to the Final Approval Hearing.

57.     The proposed Final Approval Order is attached hereto as Exhibit F.

## X.     **Settlement Fund**

58.     Within 5 days of the filing of Plaintiff's motion for preliminary approval, the Settlement Administrator shall provide the Parties an estimated amount of the costs to implement the Notice Program, establish the Settlement Website, establish toll-free telephone and fax numbers, and related upfront expenses, and Cynosure shall pay the estimated amount within 10 days after the entry of the Preliminary Approval Order.  After the upfront payment of costs, the Settlement Administrator shall bill Cynosure monthly for the reasonable costs of settlement administration.  Any amount paid by Cynosure for the upfront payment of costs that was not used will be deducted from the first monthly bill from the Settlement Administrator.

59.     In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases as set forth in Section XIV hereof and the dismissal of the Action upon Final Approval, within five days of Final Approval, Cynosure shall transfer to the Settlement Administrator the amount of the Settlement Proceeds (as defined below) less the amount of the settlement administration costs billed to date to be deposited into an interest-bearing account held by an FDIC-insured financial institution (the "Settlement Fund Account").  Class Counsel and Cynosure shall agree on the FDIC-insured financial institution at which the account shall be established.

60.     The monies in the Settlement Fund Account at all times shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l.  All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund Account or otherwise, including any taxes or tax detriments that may be imposed upon Class Counsel, Cynosure, or Cynosure's counsel with respect to income earned by the Settlement Fund Account for any period during which the Settlement Fund Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund Account.  Plaintiff and Class Counsel, and Cynosure and its counsel, shall have no liability or responsibility for any of the Taxes.  The Settlement Fund Account shall indemnify and hold Plaintiff and Class Counsel, and Cynosure and its counsel, harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

61.     The Settlement Fund shall be used for the following purposes:

   a.   Distribution of payments to Claimants whose Claims the Settlement Administrator has approved pursuant to Section XII hereof;

   b.   Payment of the Court-ordered award of Class Counsel's attorneys' fees and costs pursuant to Section XV hereof;

   c.   Payment of the Court-ordered Service Award to Plaintiff pursuant to Section XV hereof;

d. Payment of any Taxes pursuant to paragraph 60 hereof, including, without limitation, taxes owed as a result of interest earned on the Settlement Fund Account, in a timely manner, subject to approval by Class Counsel and Cynosure;

e. Payment of any costs of settlement administration and the Notice Program; and

f. Payment of additional fees, costs, and expenses not specifically enumerated in subparagraphs (a) through (e) of this paragraph, consistent with the purposes of this Agreement, subject to approval of Class Counsel and Cynosure.

## XI. **Claims Process**

62. Any Settlement Class Member may submit a Claim to the Settlement Administrator seeking a distribution from the Settlement Fund, except any person who has already settled with Cynosure and released his or her claims relating to, based upon, resulting from, or arising out of facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure during the Class Period.

63. A Claim may be submitted by filing a request with the Settlement Administrator using a Claim Form in the form attached hereto as Exhibit D. Claims must be submitted by fax or mail to the Settlement Administrator, or through the Settlement Website, by the Claim Deadline.

64. The Settlement Administrator shall have final authority to determine the adequacy and the legitimacy of any Claim. The Settlement Administrator shall have discretion to require a Claimant to submit additional information and documentation to support a Claim. In exercising its discretion under this paragraph, the Settlement Administrator shall take into account the burden imposed by requiring additional information and documentation and other appropriate considerations.

65. The Settlement Administrator shall not reject any claim until after consultation with Class Counsel and Cynosure. If, after that consultation, the Settlement Administrator rejects the claim, it shall provide written notice to the Claimant, and an opportunity to remedy curable deficiencies, and/or state any grounds for contesting the proposed decision of the Settlement Administrator, within 30 days of the date the Settlement Administrator sends notice of the rejection by mail (whichever is earlier). A Claimant shall only receive one 30-day period in which to respond to the Settlement Administrator's proposed rejection of a Claim. Untimely submission of a Claim is not a curable deficiency within the meaning of this paragraph.

66. A Claim (or remedial submission) shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions.

67. All Claim Forms shall be subject to such anti-fraud procedures and random and/or selective audits as the Settlement Administrator shall adopt in its discretion. The Settlement Administrator shall be responsible for developing an appropriate plan to audit

Claim Forms.  Class Counsel and Cynosure retain the right to independently audit Claim Forms if they choose to do so.

68.  Within the parameters set forth in this Section XI, further specific details of the Claims process shall be subject to the agreement of Class Counsel and Cynosure.  In the event that the Settlement Administrator determines, in its discretion, that any adjustment to the Claims process or deadlines is called for, the Settlement Administrator shall confer with Class Counsel and Cynosure.  Changes may be made to the Claims process set forth in this Section XI by agreement between Class Counsel and Cynosure, in order to facilitate the working of the Claims process or accomplishment of the goals of the Claims process, subject to final approval by the Court.

## XII.  Distribution of Settlement Proceeds

69.  Within the later of 35 days after the Effective Date or 10 days after the resolution of any and all claims under Section XI, the Settlement Administrator shall distribute the Settlement Proceeds as set forth in this Section XII.

70.  To determine the amount of the Settlement Proceeds, the Settlement Administrator shall first calculate the aggregate amount of Non-Claim Costs, defined to include the following:

   a.  The amount of any Court-awarded attorneys' fees and costs to Class Counsel;

   b.  The amount of any Court-awarded Service Award to Plaintiff;

   c.  The costs of settlement administration and the Notice Program, including the projected costs of the Settlement Administrator completing its duties of distribution of the Settlement Fund Payments and its duties following such distribution;

   d.  The amount of any Taxes to be paid pursuant to paragraph 60; and

   e.  All other costs and/or expenses incurred in connection with the Settlement not specifically enumerated in subsections (a) through (d) of this paragraph that are expressly provided for in this Agreement or have been approved by Class Counsel and Cynosure.

71.  The Settlement Administrator shall then calculate the aggregate Base Claim Cost, equal to $200.00 (the "Base Claim Amount") times the number of approved Claims.

72.  The Settlement Proceeds shall equal the sum of the Non-Claim Costs plus the Base Claim Cost and shall be distributed as follows:

   a.  In the event the Settlement Proceeds equal $6,500,000.00 or less, the Settlement Administrator shall subtract the Non-Claim Costs from $6,500,000.00, divide that amount by the number of Claims the Settlement Administrator has approved, and

pay each Settlement Class Member whose Claim the Settlement Administrator has approved the resulting sum.

    b.    In the event the Settlement Proceeds equal between $6,500,000.01 and $16,000,000.00, each Settlement Class Member whose Claim the Settlement Administrator has approved shall be paid the Base Claim Amount.

    c.    In the event the Settlement Proceeds equal $16,000,000.01 or greater, the Settlement Administrator shall subtract the Non-Claim Costs from $16,000,000.00, divide that amount by the number of Claims the Settlement Administrator has approved, and pay each Settlement Class Member whose Claim the Settlement Administrator has approved the resulting sum.

73.    The calculations just described shall yield the amount of each Claimant's Settlement Fund Payment.

74.    In no event shall Cynosure ever be required to pay less than a total of $6,500,000.00 to the Settlement Class, inclusive of all Settlement Fund Payments, attorneys' fees and costs, the Service Award, as well as the costs of settlement administration, the Notice Program, and *cy pres* award of residual funds.  In no event shall Cynosure ever be required to pay more than a total of $16,000,000.00 to the Settlement Class, inclusive of all Settlement Fund Payments, attorneys' fees and costs, the Service Award, as well as the costs of settlement administration and the Notice Program.

75.    Settlement Fund Payments will be made by check with an appropriate legend to indicate that it is from the Settlement.  Checks will be prepared and mailed by the Settlement Administrator.  Checks shall be valid for 180 days after issuance.  The Settlement Administrator will make reasonable efforts to locate the proper address for any intended recipient of Settlement Fund Payments whose check is returned by the Postal Service as undeliverable, and will re-mail it once to the updated address.

## XIII.  Disposition of Residual Funds

76.    If any funds remain in the Settlement Fund Account within 180 days of the date the Settlement Administrator mails the last Settlement Fund Payment, those funds shall be distributed as follows:

    a.    In the event that the sum of the Non-Claim Costs plus the aggregate amount of Settlement Fund Payment checks cashed equals $6,500,000.00 or less, any residual funds shall be distributed through a residual *cy pres* program.  The residual *cy pres* recipient(s) shall be agreed upon by Class Counsel and Cynosure and approved by the Court.  Any residual *cy pres* distribution shall be paid as soon as reasonably possible following the completion of distribution of Settlement Fund Payments.  All costs associated with the disposition of residual *cy pres* funds shall be paid from the Settlement Fund Account.  In the event no money remains in the Settlement Fund Account 180 days after the last Settlement Fund

- 13 -

Payment is mailed, the Parties shall have no obligation whatsoever to make any residual *cy pres* distribution.

b. In the event that the sum of the Non-Claim Costs plus the aggregate amount of Settlement Fund Payment checks cashed equals $6,500,000.01 or more, any residual funds shall be returned to Cynosure.

## XIV. <u>Releases</u>

77. As of the Effective Date, Plaintiff and each Settlement Class Member, each on behalf of himself or herself or itself and on behalf of his or her or its respective predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates, trustees, heirs, assigns, and beneficiaries, shall automatically be deemed to have fully and irrevocably released and forever discharged Cynosure and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters between July 27, 2012 and Preliminary Approval that were or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies, whether based upon federal or state statutes or federal or state common law, relating to, based upon, resulting from, or arising out of facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure during the Class Period.

78. AS OF THE EFFECTIVE DATE, PLAINTIFF AND EACH SETTLEMENT CLASS MEMBER (EXCEPTING SETTLEMENT CLASS OPT-OUTS) SHALL FURTHER AUTOMATICALLY BE DEEMED TO HAVE WAIVED AND RELEASED ANY AND ALL PROVISIONS, RIGHTS, AND BENEFITS CONFERRED BY § 1542 OF THE CALIFORNIA CIVIL CODE OR SIMILAR LAWS OF ANY OTHER STATE OR JURISDICTION.  SECTION 1542 OF THE CALIFORNIA CIVIL CODE READS:  "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

79. Plaintiff or any Settlement Class Member may hereafter discover facts other than or different from those that he or she or it knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraphs 77 and 78

hereof, or the law applicable to such claims may change.  Nonetheless, each of those individuals, excepting Settlement Class Opt-Outs, expressly agrees that, as of the Effective Date, he or she or it shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this paragraph and paragraphs 77 and 78 hereof.  Further, each of those individuals, excepting Settlement Class Opt-Outs, agrees and acknowledges that he or she shall be bound by this Agreement, including by the releases contained in this paragraph and in paragraphs 77 and 78 hereof, and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a distribution of funds from the Settlement.

## XV.  Payment of Attorneys' Fees, Costs, and Service Award

80.   Cynosure agrees not to oppose Class Counsel's (1) request for attorneys' fees in an amount not to exceed one quarter of the Settlement Fund; and (2) an application for reasonable expenses incurred in the action.  Any award of attorneys' fees and costs to Class Counsel shall be payable solely out of the Settlement Fund.

81.   On the Effective Date, the Settlement Administrator shall pay from the Settlement Fund to Class Counsel all Court-approved attorneys' fees and costs of Class Counsel.  In the event that the award of attorneys' fees and costs of Class Counsel is reduced on appeal, the Settlement Administrator shall only pay to Class Counsel from the Settlement Fund the reduced amount of such award, including interest accrued thereon.  Class Counsel shall timely furnish to the Settlement Administrator any required tax information or forms before the payment is made.

82.   The payment of attorneys' fees and costs of Class Counsel pursuant to paragraph 81 hereof shall be made through a wired deposit by the Settlement Administrator into the attorney client trust account of Bock, Hatch, Lewis & Oppenheim, LLC.  After the fees and costs have been deposited into this account, Bock, Hatch, Lewis & Oppenheim, LLC shall be solely responsible for distributing each Class Counsel firm's allocated share of such fees and costs to that firm.

83.   Class Counsel will ask the Court to approve a service award of up to $15,000.00 for Plaintiff ("Service Award").  The Service Award is to be paid from the Settlement Fund within three business days of the Effective Date.  The Service Award shall be paid to Plaintiff in addition to Plaintiff's Settlement Fund Payment.  Plaintiff need not submit a Claim Form to receive a Settlement Fund Payment.  Cynosure shall not oppose Class Counsel's request for payment of the Service Award.

## XVI.   Termination of Settlement

84.   This Settlement may be terminated by either Class Counsel or Cynosure by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 45 days (or such longer time as may be agreed between Class Counsel and Cynosure) after any of the following occurrences:

> a.   Class Counsel and Cynosure agree to termination;
>
> b.   the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement;
>
> c.   an appellate court reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within 270 days of such reversal;
>
> d.   any court incorporates terms or provisions into, or deletes or strikes terms or provisions from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that Class Counsel or Cynosure reasonably considers material;
>
> e.   the Effective Date does not occur; or
>
> f.   any other ground for termination provided for elsewhere in this Agreement.

85.   Cynosure also shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 14 days of its receipt from the Settlement Administrator of the final report specified in paragraph 43(h) hereof, if the number of Settlement Class Members who timely request exclusion from the Settlement Class equals or exceeds the number specified in the separate letter executed concurrently with this Settlement by Class Counsel and Cynosure.  The number shall be confidential except to the Court, who shall upon request be provided with a copy of the letter for *in camera* review.

86.   No Party may terminate the Settlement for any reason other than those set forth in paragraphs 84 and 85, including without limitation, the outcome of the United States Court of Appeals for the D.C. Circuit's decision in *Bais Yaakov of Spring Valley v. FCC*, No. 14-1234.

## XVII.  Effect of a Termination

87.   The grounds upon which this Agreement may be terminated are set forth in paragraphs 84 and 85 hereof.  In the event of a termination as provided therein, this Agreement shall be considered null and void; all of Cynosure's obligations under the Settlement shall cease to be of any force and effect; the amounts in the Settlement Fund shall be returned to Cynosure in accordance with paragraph 88 hereof; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement

claims and defenses will be preserved, including, but not limited to, Plaintiff's right to seek class certification and Cynosure's right to oppose class certification.

88. In the event of a termination as provided in paragraph 84 and 85 hereof, and after payment of any invoices or other fees or expenses mentioned in this Agreement that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Cynosure within seven days of termination.

89. The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions of paragraph 84 and 85 hereof.

90. In the event the Settlement is terminated in accordance with the provisions of paragraphs 84 and 85 hereof, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose, without prejudice to Plaintiff's right to seek class certification, and Cynosure's right to oppose class certification.  In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVIII. <u>No Admission of Liability</u>

91. Cynosure disputes the claims alleged in the Action and does not by this Agreement or otherwise admit any liability or wrongdoing of any kind.  Cynosure has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

92. Class Counsel and Plaintiff believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, the likelihood of certification of a class for litigation purposes, and the likelihood of success on the merits of the Action.  Class Counsel and Plaintiff have concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

93. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

94. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiff or Settlement

Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

95.     In addition to any other defenses Cynosure may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XIX.   Miscellaneous Provisions

96.     <u>Gender and Plurals</u>.  As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

97.     <u>Binding Effect</u>.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

98.     <u>Cooperation of Parties</u>.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

99.     <u>Obligation To Meet And Confer</u>.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

100.    <u>Integration</u>.  This Agreement (along with the letter referenced in paragraph 85 hereof) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made, or relied upon, by any Party hereto, except as provided for herein.

101.    <u>No Conflict Intended</u>.  Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

102.    <u>Governing Law</u>.  The Agreement shall be construed in accordance with, and be governed by, the laws of the Commonwealth of Massachusetts, without regard to the principles thereof regarding choice of law.

103.    <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or through e-mail of an Adobe PDF shall be deemed an original.

104. <u>Jurisdiction</u>.  The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator.  As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

105. <u>Notices</u>.  All notices to Class Counsel provided for herein, shall be sent by e-mail with a hard copy sent by overnight mail to:

Phillip A. Bock
BOCK, HATCH, LEWIS & OPPENHEIM
134 N LaSalle St., Suite 1000
Chicago, IL 60602
Tel.: (312) 658-5500
Fax: (312) 658-5501
E-mail: phil@bockhatchllc.com

Randall K. Pulliam
CARNEY, BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR 72201
Tel.: (510) 312-8500
E-mail: rpulliam@cbplaw.com

Alan L. Cantor
SWARTZ & SWARTZ, P.C.
10 Marshall Street
Boston, MA 02108
Tel.: (617) 742-1900
Fax: (617) 367-7193
E-mail: acantor@swartzlaw.com

All notices to Cynosure, provided for herein, shall be sent by e-mail with a hard copy sent by overnight mail to:

Peter Anastos
CYNOSURE, INC.
5 Carlisle Road
Westford, Massachusetts 01886
Tel.: (978) 367-2325
E-mail: panastos@cynosure.com

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888
E-mail: alan.schoenfeld@wilmerhale.com

John J. Butts
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6515
Fax: (617) 526-5000
E-mail: john.butts@wilmerhale.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

106.  <u>Modification and Amendment</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for Cynosure and Class Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

107.  <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

108.  <u>Authority</u>.  Class Counsel, Plaintiff, counsel for Cynosure, and Cynosure represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiff and Cynosure to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

109.  <u>Agreement Mutually Prepared</u>.  Neither Cynosure nor Plaintiff, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

110.  <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they:  (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or

believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

111.    Receipt of Advice of Counsel. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained in Section XIV hereof, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated: 01/23/2017

Dr. Steven Collier, Chief Executive Officer, *for ARcare, Inc.*

Dated: _____

Peter C. Anastos, General Counsel, *for Cynosure, Inc.*

Dated: 1/23/17

Phillip A. Bock
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N LaSalle St., Suite 1000
Chicago, IL 60602
*Class Counsel*

Dated: 1/23/17

Randall K. Pulliam
CARNEY, BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR 72201
*Class Counsel*

Dated: _____

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
*Counsel for Cynosure, Inc.*

- 21 -

believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

111.   <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained in Section XIV hereof, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated: _____       _____
                                     Dr. Steven Collier, Chief Executive Officer, *for*
                                     *ARcare, Inc.*

Dated: 1/26/17 _____                _____
                                     Peter C. Anastos, General Counsel, *for Cynosure, Inc.*

Dated: _____       _____
                                     Phillip A. Bock
                                     BOCK, HATCH, LEWIS & OPPENHEIM, LLC
                                     134 N LaSalle St., Suite 1000
                                     Chicago, IL 60602
                                     *Class Counsel*

Dated: _____       _____
                                     Randall K. Pulliam
                                     CARNEY, BATES & PULLIAM, PLLC
                                     519 West 7th Street
                                     Little Rock, AR 72201
                                     *Class Counsel*

Dated: 1/26/17 _____                _____
                                     Alan E. Schoenfeld
                                     WILMER CUTLER PICKERING HALE AND DORR LLP
                                     7 World Trade Center
                                     250 Greenwich Street
                                     New York, NY 10007
                                     *Counsel for Cynosure, Inc.*

- 21 -

# EXHIBIT A

**This is a notice of a lawsuit settlement, not a lawsuit against you.**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ARcare, Inc., on behalf of itself and all
others similarly situated,

      Plaintiff,

v.                         Case No.: 1:16-cv-11547-DPW

Cynosure, Inc.

      Defendant.

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

**TO:**  **All persons or entities who were sent one or more facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure, Inc. from July 27, 2012 through <date of preliminary approval> (the "Settlement Class").**

**A.**  **<u>WHY HAVE YOU RECEIVED THIS NOTICE?</u>** The Court ordered us to send you this Notice because your fax number appears on a list of fax numbers to which advertisements may have been sent by fax and you may be a member of the Settlement Class defined above.

**B.**  **<u>WHAT IS THIS LAWSUIT ABOUT?</u>** Plaintiff filed this class action lawsuit against Cynosure, Inc. ("Defendant") alleging that Defendant violated the federal Telephone Consumer Protection Act ("TCPA") by sending advertisements by fax. Defendant denied Plaintiff's allegations and raised defenses. The parties have agreed to settle all claims about faxes Defendant sent between July 27, 2012 and <date of preliminary approval>.

**C.**  **<u>WHAT IS THE PROPOSED SETTLEMENT?</u>** Without admitting any fault or liability, and in exchange for a release of all claims against it, if the Settlement is finally approved, Defendant has agreed to make up to $16,000,000.00 (the "Settlement Fund") available to pay for the Settlement. If the Court approves the Settlement, all of the Settlement Class members who submit a valid and timely Proof of Claim Form (attached) will be mailed a check for $200.00, subject to the following exceptions: (1) if the total cost of Settlement, including attorneys' fees and costs for Class Counsel, award to the Class Representative, cost of Settlement administration, any taxes on the Settlement, and payment to eligible Settlement Class members at a rate of $200.00 would be below $6,500,000.00, the amount each eligible Settlement Class member is paid will be increased pro rata so that the total cost of Settlement is $6,500,000.00; and (2) if the total cost of Settlement, including attorneys' fees and costs for Class Counsel, award to the Class Representative, cost of Settlement administration, any taxes on the Settlement, and payment to eligible Settlement Class members at a rate of $200.00 would exceed $16,000,000.00, the amount each eligible Settlement Class member is paid will be reduced pro rata so that the total cost of Settlement is $16,000,000.00.

1

The Court has preliminarily approved this settlement, subject to a final approval hearing that will occur on ▓▓▓▓▓, 2017, at ▓▓▓▓▓ a.m./p.m., in Room ▓, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210.

## D.   **WHAT ARE YOUR OPTIONS**?

**1.**   **Return a completed Proof of Claim Form**: To receive a share of the Settlement Fund, you must complete, sign, and return a Proof of Claim Form postmarked on or before ▓▓▓▓▓▓, 2017. You do not need to remember receiving one of the facsimiles in order to submit a Proof of Claim Form, but do need to attest under the pains and penalties of perjury that you owned the fax number during one of more of the months specified in the Proof of Claim form.  If you submit a valid and timely Proof of Claim Form, you will be mailed a check for your share of the proceeds.

**2.**   **Do nothing:** If you do nothing, you will remain in the Settlement Class. You will be bound by the judgment against Defendant and you will release your claims against Defendant about Defendant's faxes, but you will receive nothing.

**3.**   **Opt out of the settlement:** You are not required to participate in the Settlement. You have the right to exclude yourself from the Settlement by sending a written request for exclusion. Your completed, signed statement advising of your election to opt out must be postmarked no later than ▓▓▓▓▓▓▓, 2017. If your request is not postmarked by that date, your right to opt out will be deemed waived and you will be bound by all orders and judgments entered in connection with the Settlement. Your request must list your name, address, and fax number; a statement that you want to be excluded from the Settlement in *ARcare, Inc. v. Cynosure, Inc.*, No. 16 Civ. 11547 (D. Mass.); and your signature. You must send your request to Settlement Administrator at the following address:

   **[ADDRESS]**

**4.**   **Object to the settlement:** If you object to the settlement, and wish to file an objection rather than simply excluding yourself, you must file the objection electronically with the Court, or mail your objection first-class postage prepaid to the Clerk's Office of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210.  Your objection must be postmarked by ▓▓▓▓▓▓, 2017. You must also mail copies of your objection to Class Counsel and counsel for Defendant, postmarked by the same date, to the following addresses:

| | |
|---|---|
| Phillip A. Bock | Alan E. Schoenfeld |
| Bock, Hatch, Lewis & Oppenheim | Wilmer Cutler Pickering Hale and Dorr LLP |
| 134 N. LaSalle St., Suite 1000 | 7 World Trade Center, 250 Greenwich Street |
| Chicago, IL 60602 | New York, NY 10007 |
| *Class Counsel* | *Counsel for Defendant* |

Your objection must include the name of the case (*ARcare, Inc. v. Cynosure, Inc.*, No. 16 Civ. 11547 (D. Mass.)); your full name, address, and fax number; an explanation of the basis upon

which you claim to be a Settlement Class Member, all grounds for the objection, accompanied by any legal support for the objection; the identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection; whether you intend to appear at the final approval hearing and, if so the identity of any counsel who will appear on your behalf; a list of all other class action settlements in which you or your counsel filed an objection; a list of any persons who will be called to testify at the final approval hearing in support of the objection; and your signature. The final approval hearing is scheduled is scheduled for _____, 2017, at _____ a.m./p.m., in Room _, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210. You are not required to attend this hearing.

**E.      WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** The Court will hold a final approval hearing on _____, 2017, at _____ a.m./p.m., in Room _, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210, and hear any timely and properly filed objections and arguments about the settlement. You are **not** required to attend this hearing. The final approval hearing may be continued to a future date without further notice.

**F.      WHO REPRESENTS THE CLASS?** ARcare, Inc. is the Class Representative. Its attorneys are Class Counsel. They are:

| | | |
|---|---|---|
| Phillip A. Bock | Randall K. Pulliam | Alan L. Cantor |
| Bock, Hatch, Lewis & Oppenheim, LLC | Carney Bates & Pulliam, PLLC | Swartz & Swartz, P.C. |
| 134 N. LaSalle St., Suite 1000 | 519 W 7th St, | 10 Marshall Street |
| Chicago, IL 60602 | Little Rock, AR 72201 | Boston, MA 02108 |

As part of the settlement, Defendant has agreed not to oppose a request for a service award of $15,000.00 to be paid from the Settlement Fund to ARcare, Inc. for its service as Class Representative on behalf of the Settlement Class in this litigation. Defendant has also agreed not to oppose a request for attorneys' fees of one fourth of the Settlement Fund ($4,000,000.00) plus reasonable out-of-pocket expenses incurred in the litigation to be paid from the Settlement Fund to Class Counsel. Class Counsel will file papers requesting the Court's approval of these awards/payments and the Court is expected to consider those requests at the final approval hearing

**G.      WHERE CAN YOU GET MORE INFORMATION?** If you have questions about this Notice or about the settlement, write the Settlement Administrator at [**address**]. Include the case number, your name, your fax number, and your current street address on any correspondence. Alternatively, you can call the Settlement Administrator at 1-XXX-XXX-XXXX. This Notice only summarizes the litigation and the settlement. The court files for this case are available for your inspection at the Office of the Clerk of Court for the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210. You can also find a longer notice, as well as the settlement agreement and related documents and information, online at www.cynosuretcpasettlement.com.

**DO NOT CONTACT THE JUDGE, THE JUDGE'S STAFF, OR THE CLERK OF THE COURT BECAUSE THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS ABOUT THIS SETTLEMENT.**

# EXHIBIT B

**This is a notice of a lawsuit settlement, not a lawsuit against you.**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ARcare, Inc., on behalf of itself and all
others similarly situated,

      Plaintiff,

v.                                 **Case No.: 1:16-cv-11547-DPW**

Cynosure, Inc.

      Defendant.

### <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

**TO:** **All persons or entities who were sent one or more facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure, Inc. from July 27, 2012 through <date of preliminary approval> (the "Settlement Class").**

**A.** **<u>WHY HAVE YOU RECEIVED THIS NOTICE?</u>** The Court ordered us to send you this Notice because your fax number appears on a list of fax numbers to which advertisements may have been sent by fax and you may be a member of the Settlement Class defined above.

**B.** **<u>WHAT IS THIS LAWSUIT ABOUT?</u>** Plaintiff filed this class action lawsuit against Cynosure, Inc. ("Defendant") alleging that Defendant violated the federal Telephone Consumer Protection Act ("TCPA") by sending advertisements by fax. Defendant denied Plaintiff's allegations and raised defenses. The parties have agreed to settle all claims about faxes Defendant sent between July 27, 2012 and <date of preliminary approval>.

**C.** **<u>WHAT IS THE PROPOSED SETTLEMENT?</u>** Without admitting any fault or liability, and in exchange for a release of all claims against it, if the Settlement is finally approved, Defendant has agreed to make up to $16,000,000.00 (the "Settlement Fund") available to pay for the Settlement. If the Court approves the Settlement, all of the Settlement Class members who submit a valid and timely Proof of Claim Form (attached) will be mailed a check for $200.00, subject to the following exceptions: (1) if the total cost of Settlement, including attorneys' fees and costs for Class Counsel, award to the Class Representative, cost of Settlement administration, any taxes on the Settlement, and payment to eligible Settlement Class members at a rate of $200.00 would be below $6,500,000.00, the amount each eligible Settlement Class member is paid will be increased pro rata so that the total cost of Settlement is $6,500,000.00; and (2) if the total cost of Settlement, including attorneys' fees and costs for Class Counsel, award to the Class Representative, cost of Settlement administration, any taxes on the Settlement, and payment to eligible Settlement Class members at a rate of $200.00 would exceed $16,000,000.00, the amount each eligible Settlement Class member is paid will be reduced pro rata so that the total cost of Settlement is $16,000,000.00.

1

The Court has preliminarily approved this settlement, subject to a final approval hearing that will occur on _____, 2017, at _____ a.m./p.m., in Room __, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210.

**D.    WHAT ARE YOUR OPTIONS?**

**1.    Return a completed Proof of Claim Form:** To receive a share of the Settlement Fund, you must complete, sign, and return a Proof of Claim Form postmarked on or before _____, 2017. You do not need to remember receiving one of the facsimiles in order to submit a Proof of Claim Form, but do need to attest under the pains and penalties of perjury that you owned the fax number during one of more of the months specified in the Proof of Claim form.  If you submit a valid and timely Proof of Claim Form, you will be mailed a check for your share of the proceeds.

**2.    Do nothing:** If you do nothing, you will remain in the Settlement Class. You will be bound by the judgment against Defendant and you will release your claims against Defendant about Defendant's faxes, but you will receive nothing.

**3.    Opt out of the settlement:** You are not required to participate in the Settlement. You have the right to exclude yourself from the Settlement by sending a written request for exclusion. Your completed, signed statement advising of your election to opt out must be postmarked no later than _____, 2017. If your request is not postmarked by that date, your right to opt out will be deemed waived and you will be bound by all orders and judgments entered in connection with the Settlement. Your request must list your name, address, and fax number; a statement that you want to be excluded from the Settlement in *ARcare, Inc. v. Cynosure, Inc.*, No. 16 Civ. 11547 (D. Mass.); and your signature. You must send your request to Settlement Administrator at the following address:

**[ADDRESS]**

**4.    Object to the settlement:** If you object to the settlement, and wish to file an objection rather than simply excluding yourself, you must file the objection electronically with the Court, or mail your objection first-class postage prepaid to the Clerk's Office of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210.  Your objection must be postmarked by _____, 2017. You must also mail copies of your objection to Class Counsel and counsel for Defendant, postmarked by the same date, to the following addresses:

Phillip A. Bock                          Alan E. Schoenfeld
Bock, Hatch, Lewis & Oppenheim           Wilmer Cutler Pickering Hale and Dorr LLP
134 N. LaSalle St., Suite 1000           7 World Trade Center, 250 Greenwich Street
Chicago, IL 60602                        New York, NY 10007
*Class Counsel*                          *Counsel for Defendant*

Your objection must include the name of the case (*ARcare, Inc. v. Cynosure, Inc.*, No. 16 Civ. 11547 (D. Mass.)); your full name, address, and fax number; an explanation of the basis upon

2

which you claim to be a Settlement Class Member, all grounds for the objection, accompanied by any legal support for the objection; the identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection; whether you intend to appear at the final approval hearing and, if so the identity of any counsel who will appear on your behalf; a list of all other class action settlements in which you or your counsel filed an objection; a list of any persons who will be called to testify at the final approval hearing in support of the objection; and your signature. The final approval hearing is scheduled is scheduled for _____, 2017, at _____ a.m./p.m., in Room _, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210. You are not required to attend this hearing.

**E.       WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
The Court will hold a final approval hearing on _____, 2017, at _____ a.m./p.m., in Room _, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210, and hear any timely and properly filed objections and arguments about the settlement. You are **not** required to attend this hearing. The final approval hearing may be continued to a future date without further notice.

**F.       WHO REPRESENTS THE CLASS?** ARcare, Inc. is the Class Representative. Its attorneys are Class Counsel. They are:

| | | |
|---|---|---|
| Phillip A. Bock | Randall K. Pulliam | Alan L. Cantor |
| Bock, Hatch, Lewis & Oppenheim, LLC | Carney Bates & Pulliam, PLLC | Swartz & Swartz, P.C. |
| 134 N. LaSalle St., Suite 1000 | 519 W 7th St, | 10 Marshall Street |
| Chicago, IL 60602 | Little Rock, AR 72201 | Boston, MA 02108 |

As part of the settlement, Defendant has agreed not to oppose a request for a service award of $15,000.00 to be paid from the Settlement Fund to ARcare, Inc. for its service as Class Representative on behalf of the Settlement Class in this litigation. Defendant has also agreed not to oppose a request for attorneys' fees of one fourth of the Settlement Fund ($4,000,000.00) plus reasonable out-of-pocket expenses incurred in the litigation to be paid from the Settlement Fund to Class Counsel. Class Counsel will file papers requesting the Court's approval of these awards/payments and the Court is expected to consider those requests at the final approval hearing

**G.       WHERE CAN YOU GET MORE INFORMATION?** If you have questions about this Notice or about the settlement, write the Settlement Administrator at [**address**]. Include the case number, your name, your fax number, and your current street address on any correspondence. Alternatively, you can call the Settlement Administrator at 1-XXX-XXX-XXXX. This Notice only summarizes the litigation and the settlement. The court files for this case are available for your inspection at the Office of the Clerk of Court for the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210.  You can also find a longer notice, as well as the settlement agreement and related documents and information, online at www.cynosuretcpasettlement.com.

**DO NOT CONTACT THE JUDGE, THE JUDGE'S STAFF, OR THE CLERK OF THE COURT BECAUSE THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS ABOUT THIS SETTLEMENT.**

# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A $16 million Settlement has been reached with Cynosure, Inc. ("Cynosure") in a lawsuit where the Plaintiff alleges that Cynosure violated a federal statute and regulations when it sent facsimile advertisements.  Cynosure denies any liability or wrongdoing.

- The Settlement offers payments to persons or entities who were sent one or more facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure from July 27, 2012 through <date of preliminary approval>.  Cynosure has identified those individuals and provided them with notice by fax and/or mail.  If you received that notice from Cynosure, you may be a Settlement Class Member.

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM FOR A PAYMENT** | By submitting a Proof of Claim Form, Settlement Class Members will be eligible to receive payments for being sent one or more facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure. |
| **EXCLUDE YOURSELF** | Get no benefits from the Settlement.  This is the only option that allows you to sue Cynosure, or participate in any other lawsuit against Cynosure, about claims related to facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure between July 27, 2012 through <date of preliminary approval>. |
| **OBJECT** | Write an objection to the Court if you don't like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will not receive a payment, and you will give up your right to participate in further litigation against Cynosure about claims related to facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure between July 27, 2012 through <date of preliminary approval>. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case has to decide whether to approve the Settlement.  If it does, and any appeals are resolved, benefits will be distributed to those who qualify.  Please be patient.

QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.CYNOSURETCPASETTLEMENT.COM

| **What This Notice Contains** |
|---|

**BASIC INFORMATION**........................................................................................**3**
    1.    Why is there a notice?
    2.    What is this litigation about?
    3.    Why is this a class action?
    4.    Why is there a Settlement?

**WHO IS PART OF THE SETTLEMENT**....................................................**4**
    5.    Who is included in the Settlement?
    6.    What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ...............................................................**4**
    7.    What does the Settlement provide?
    8.    How much will my payment be?
    9.    When will I receive my payment?
    10.    What am I giving up if I do not exclude myself from the Settlement?

**HOW TO RECEIVE A PAYMENT**.............................................................**5**
    11.    How can I receive a payment?
    12.    How will my claim be decided?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.............................**5**
    13.    How do I exclude myself from the Settlement?
    14.    If I do not exclude myself, can I sue Cynosure for the same thing later?
    15.    If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING THE ENTIRE SETTLEMENT CLASS**.......................**6**
    16.    Do I have a lawyer in the case?
    17.    How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ......................................................**7**
    18.    How do I tell the Court if I do not like the Settlement?
    19.    What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING** .........................................................**7**
    20.    When and where will the Court decide whether to approve the Settlement?
    21.    Do I have to attend the hearing?
    22.    May I speak at the hearing?

**GETTING MORE INFORMATION** ............................................................**8**
    23.    How do I get more information?

**QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.CYNOSURETCPASETTLEMENT.COM**

# BASIC INFORMATION

### 1. Why is there a notice?

A court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement.  This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Douglas P. Woodlock of the United States District Court for the District of Massachusetts is overseeing this case.  This litigation is known as *ARcare, Inc. v. Cynosure, Inc.*, No. 16 Civ. 11547 (D. Mass.).  The entity that sued, ARcare, Inc. ("ARcare"), is called the "Plaintiff."  Cynosure, Inc. ("Cynosure") is the "Defendant."

### 2. What is this litigation about?

The lawsuit concerns whether Cynosure sent advertisements by facsimile that violated a law called the Telephone Consumer Protection Act.

The complaint in the lawsuit is posted on the website www.cynosuretcpasettlement.com and contains all of the allegations and claims asserted against Cynosure.  Cynosure denies any liability or wrongdoing.

### 3. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, ARcare, Inc.) sue on behalf of themselves and other people with similar claims.  Together, all the people with similar claims are members of a "Class."

### 4. Why is there a Settlement?

The Court has not decided in favor of the Plaintiff or Cynosure.  Instead, both sides have agreed to a Settlement.  By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Settlement Class Members (except those who exclude themselves) receive the benefits described in this notice.  The proposed Settlement does not mean that any law was broken or that Cynosure did anything wrong.  Cynosure denies all claims in this case.  The Class Representative and its lawyers think the proposed Settlement is best for everyone who is affected.

# WHO IS PART OF THE SETTLEMENT?

If you received notice of the Settlement by mail and/or fax, then Defendant's records indicate you may be a Settlement Class Member.

| 5.   Who is included in the Settlement? |
| --- |

You are a member of the Settlement Class if, between July 27, 2012 and <date of preliminary approval>, you were sent one or more facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure.

| 6.   What if I am not sure whether I am included in the Settlement? |
| --- |

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, visit the Settlement website at www.cynosuretcpasettlement.com or call the toll free number, **1-XXX-XXX-XXXX**.  You may also send questions to the Settlement Administrator at **[ADDRESS]**.

# THE SETTLEMENT BENEFITS

| 7.   What does the Settlement provide? |
| --- |

If the Settlement is approved and becomes final, it will provide benefits to Settlement Class Members who file a valid claim and do not exclude themselves.   Cynosure will make available a $16,000,000.00 Settlement Fund to make payments to eligible Settlement Class Members; to pay the Court-ordered award of attorneys' fees and costs to Class Counsel; to pay the Court-ordered service award to Plaintiff for serving as the class representative; and to pay any costs of Settlement administration, including the cost of notice and any taxes.

| 8.   How much will my payment be? |
| --- |

Each Settlement Class Member who files a valid claim will receive $200.00 subject to the following exceptions:  (1) if the total cost of Settlement, including attorneys' fees and costs for Class Counsel, service award to the Class Representative, cost of Settlement administration, and payment to eligible Settlement Class members at a rate of $200.00 would be below $6,500,000.00, the amount each eligible Settlement Class member is paid will be increased pro rata so that the total cost of Settlement is $6,500,000.00; and (2) if the total cost of Settlement, including attorneys' fees and costs for Class Counsel, award to the Class Representative, cost of Settlement administration, and payment to eligible Settlement Class members at a rate of $200.00 would exceed $16,000,000.00, the amount each eligible Settlement Class member is paid will be reduced pro rata so that the total cost of Settlement is $16,000,000.00.  *See* Settlement Agreement and Release ¶¶ 69-75.

| 9.   When will I receive my payment? |
| --- |

Settlement Class Members who submit valid claims will receive their payments, by check, only after the Court grants final approval to the Settlement and after any appeals are resolved (*see* "The Final Approval Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

**QUESTIONS?  CALL X-XXX-XXX-XXXX OR visit WWW.CYNOSURETCPASETTLEMENT.COM**

| **10.  What am I giving up to if I do not exclude myself from the Settlement?** |
|---|

Unless you exclude yourself from the Settlement, you will be bound by the Settlement.  This means that you can't sue Cynosure in court for claims related to fax advertisements sent between July 27, 2012 and <date of preliminary approval>.  If you do not exclude yourself, the Settlement Agreement and Release and all decisions by the Court will bind you.  The Settlement Agreement and Release is available at www.cynosuretcpasettlement.com and describes the claims that you give up if you remain in the Settlement. Settlement Agreement and Release ¶¶ 77-79.

## HOW TO RECEIVE A PAYMENT

| **11.  How can I receive a payment?** |
|---|

To receive a payment, you must submit a claim.  If you received notice of the Settlement by fax or mail, that notice included a Proof of Claim Form.  You can also request that a Claim Form be mailed to you by calling **1-XXX-XXX-XXXX** or by writing to the Settlement Administrator at [**ADDRESS**].

To be eligible for payment, you must complete, sign, and return the Proof of Claim Form by submitting it online at www.cynosuretcpasettlement.com, faxing it to 1-XXX-XXX-XXXX, or mailing it to the following address:

[**Administrator**]
c/o [**ADDRESS**]
P.O. Box [**NUMBER**]
**City, State XXXXX-XXXX**

Claims must be postmarked or submitted no later than **Month 00, 2017.**

| **12.  How will my claim be decided?** |
|---|

After you submit your claim, the Settlement Administrator will confirm whether you are a Settlement Class Member and therefore entitled to a payment.  If your application is incomplete or does not establish that you are entitled to a payment, the Settlement Administrator will notify you to correct any problems with your claim.  If you do not correct the problems, your claim will be denied.

The Settlement Agreement and Release, available at www.cynosuretcpasettlement.com, provides more detail on how claims will be decided.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want benefits from the Settlement, and you want to keep the right to sue Cynosure about the legal issues in this case, then you must take steps to get out of the Settlement.  This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement.

| **13.  How do I exclude myself from the Settlement?** |
|---|

To exclude yourself from the Settlement, you must send a letter or other written document by mail to the Settlement Administrator.  Your request must include:

**QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.CYNOSURETCPASETTLEMENT.COM**

- • Your name, address, and fax number;
- • A statement that you want to be excluded from the Settlement in *ARcare, Inc. v. Cynosure, Inc.*, No. 16 Civ. 11547 (D. Mass.); and
- • Your signature.

You must mail your exclusion request, postmarked no later than **Month 00, 2017**, to **[ADDRESS]**.

**14.  If I do not exclude myself, can I sue Cynosure for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue Cynosure for the claims that the Settlement resolves.  You must exclude yourself from the Settlement in order to maintain your own lawsuit.

**15.  If I exclude myself, can I still get a payment?**

No.  You will not get a payment if you exclude yourself from the Settlement.

## THE LAWYERS REPRESENTING THE ENTIRE SETTLEMENT CLASS

**16.  Do I have a lawyer in the case?**

The Court has appointed the following lawyers as Class Counsel to represent the entire Settlement Class. They are:

| Phillip A. Bock | Randall K. Pulliam | Alan Cantor |
|---|---|---|
| BOCK, HATCH, LEWIS & OPPENHEIM | CARNEY, BATES & PULLIAM, PLLC | SWARTZ & SWARTZ, P.C. |
| 134 N LaSalle St., Suite 1000 | 519 West 7th Street | 10 Marshall Street |
| Chicago, IL 60602 | Little Rock, AR 72201 | Boston, MA 02108 |
| Tel.: 213-658-550 | Tel.: 510-312-8500 | Tel.: 617-742-1900 |
| Fax: 312-659-5501 | E-mail: rpulliam@cbplaw.com | Fax: 617-367-7193 |
| E-mail: phil@bockhatchllc.com | | E-mail: acantor@swartzlaw.com |

If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.  How will the lawyers be paid?**

Class Counsel intend to request attorneys' fees of one fourth of the Settlement Fund and reasonable costs and litigation expenses of prosecuting the class action.  The attorneys' fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will decide the amount of fees and expenses to award.  Class Counsel will also request that a service payment of $15,000.00 be paid from the Settlement Fund to the Class Representative for service as a representative of the whole Settlement Class.

# OBJECTING TO THE SETTLEMENT

**18.  How do I tell the Court if I do not like the Settlement?**

If you are a member of the Settlement Class, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's requests for fees and costs, and/or the service payment to the Class Representative. To object, you must file the objection electronically with the Court, or mail your objection first-class postage prepaid to the <u>each</u> of the following addresses:

| Clerk of the Court<br>U.S. DISTRICT COURT FOR THE<br>DISTRICT OF MASSACHUSETTS,<br>1 Courthouse Way,<br>Boston, MA 02210 | Phillip A. Bock<br>BOCK, HATCH, LEWIS &<br>OPPENHEIM<br>134 N. LaSalle St., Suite 1000<br>Chicago, IL 60602 | Alan E. Schoenfeld<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007 |

Your objection must include:

- The name of the case (*ARcare, Inc. v. Cynosure, Inc.*, No. 16 Civ. 11547 (D. Mass.));
- Your full name, address, and fax number;
- An explanation of the basis upon which you claim to be a Settlement Class Member;
- The reasons you object to the Settlement, along with any supporting materials;
- The identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reasons related to the objection;
- Whether you intend to appear at the Final Approval Hearing and, if so, the identity of any counsel representing you who will appear on your behalf;
- A list of all other class action settlements to which you or your counsel filed an objection;
- A list of any witnesses you plan to call at the Final Approval Hearing; and
- Your signature.

The requirements to object to the Settlement are described in detail in the Settlement Agreement and Release in Paragraphs 54-55.  Your objection must be filed or postmarked by **Month 00, 2017.**

**19.  What is the difference between objecting and asking to be excluded?**

Objecting is telling the Court that you do not like something about the Settlement.  You can object to the Settlement *only if you do not exclude yourself.*  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

# THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you don't have to do so.

**20.  When and where will the Court decide whether to approve the Settlement?**

The Court has scheduled a Final Approval Hearing on <mark>Month 00, 2017</mark> <mark>at 00:00 x.m.</mark> at the United States District Court for the District of Massachusetts, located at 1 Courthouse Way, Boston, MA 02210.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check <mark>www.cynosuretcpasettlement.com</mark> for updates.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

**21.  Do I have to attend the hearing?**

No.  Class Counsel will answer questions the Court may have.  But you are welcome to attend the hearing at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you submitted your written objection on time, to the proper addresses, and it complies with the other requirements described in Paragraphs 54-55 of the Settlement Agreement and Release, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

**22.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must comply with the requirements in Question 18 above.  You cannot speak at the hearing if you exclude yourself from the Settlement.

## GETTING MORE INFORMATION

**23.  How do I get more information?**

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement and Release.  For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement and Release at <mark>www.cynosuretcpasettlement.com</mark>.  You also may write with questions to the Settlement Administrator at [<mark>ADDRESS</mark>] or call the toll-free number, <mark>1-XXX-XXX-XXX</mark>

**QUESTIONS?  CALL <mark>X-XXX-XXX-XXXX</mark> OR VISIT <mark>WWW.CYNOSURETCPASETTLEMENT.COM</mark>**

# EXHIBIT D

**PROOF OF CLAIM FORM**
**ARcare, Inc. v. Cynosure, Inc., Case No. 1:16-cv-11547 (D. Mass.)**

Fax Number: <populated by administrator>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund*:

**1.     You Must Provide Your Contact Information.**

Name: _____

Company: _____

Address: _____

City/State/Zip Code: _____

Telephone Number: _____

Fax Numbers (list all numbers): _____

**2.     You Must Verify Ownership of the Fax Number(s) Identified Above.**

*A.  For Individuals*

I attest under the pains and penalties of perjury that the fax number(s) identified above belonged to me at any point during the period July 27, 2012 to [date of Preliminary Approval].

_____
(Sign your name here)

*B.  For Companies*

I attest under the pains and penalties of perjury that the fax number(s) identified above belonged to the entity identified below at any point during the period July 27, 2012 to [date of Preliminary Approval].  I further attest under the pains and penalties of perjury that I have the authority to act on the entity's behalf and to submit this claim.

Entity Name: _____

_____
(Sign your name here)

**3.     You Must Return this Claim Form by [90 days after Notice Deadline]_____, 2017:**

Fax this Claim Form to:        [CLAIMS ADMINISTRATOR]

Mail this Claim Form to:      [CLAIMS ADMINISTRATOR]

Submit your claim at www.cynosuretcpasettlement.com.

# EXHIBIT E

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

ARcare, Inc., on behalf of itself and all others
similarly situated,

      Plaintiff,

v.                                  Case No.: 1:16-cv-11547-DPW

Cynosure, Inc.,

      Defendant.

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND CERTIFYING SETTLEMENT CLASS**

This matter coming before the Court on the "Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class" (the "Motion"), after review and consideration of the Parties' Settlement Agreement and Release and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.      By stipulation of the Parties, and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class: "All persons or entities who were sent one or more facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure from July 27, 2012 through _____ [the date of preliminary approval]." The Parties expressly agreed to this Settlement Class definition for settlement purposes only. Excluded from the Settlement Class are (a) all current employees, officers, and directors of Cynosure; and (b) the undersigned Judge presiding over this Action and his staff.

2.      The Court finds that class certification is appropriate because (a) the Settlement Class is so numerous that joinder of all members is impractical, (b) there are common questions of law and fact that predominate over any questions affecting only individual class members,

(c) Plaintiff will fairly and adequately protect the interests of the Settlement Class, and (d) a class action is an appropriate method for the fair and efficient adjudication of this controversy.

3.      The Court appoints Plaintiff ARcare, Inc., as the "Class Representative" and appoints Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC, Randall K. Pulliam of Carney Bates & Pulliam, PLLC, and Alan L. Cantor of Swartz & Swartz, P.C. as "Class Counsel."

4.      Pursuant to Federal Rule of Civil Procedure 23, the settlement of this action, as embodied in the terms of the Settlement Agreement and Release, is preliminarily approved.

5.      The Settlement Agreement and Release is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement and Release) and is hereby preliminarily adopted as an Order of this Court.

6.      The Settlement Agreement and Release proposes notice to the Settlement Class by facsimile, U.S. mail to class members to whom facsimile notice is unsuccessful and whose addresses can be reasonably determined, and by maintaining a settlement website.  The Court finds that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23.  The plan is approved and adopted.  The Court orders that the Parties provide the notice to the Settlement Class as proposed in the Settlement Agreement and Release.  The Court approves the form of the Notice as contained in Exhibits A, B, and C to the Settlement Agreement and Release.  The Court also approves Kurtzman Carson Consultants as the Settlement Administrator.

7.      The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and Release and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a)      The Notice shall be sent by the Settlement Administrator on or before _____, 2017;

2

(b)     Requests by any Settlement Class Member to opt out of the settlement must be submitted in writing to Settlement Administrator, postmarked on or before _____, 2017, or be forever barred; and

(c)     Objections (including any supporting brief) by any Settlement Class Member shall be electronically filed with the Court, or mailed to the Clerk of the Court, with copy to Class Counsel and Cynosure's counsel, postmarked on or before _____, 2017, or be forever barred.

8.     The final approval hearing, set forth in the Class Notice, is hereby scheduled for _____, 2017, at _____ a.m./p.m.


ENTER:


_____
Honorable Douglas P. Woodlock

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ARcare, Inc., on behalf of itself and all others
similarly situated,

      Plaintiff,

v.                                Case No.: 1:16-cv-11547-DPW

Cynosure, Inc.,

      Defendant.

**FINAL APPROVAL ORDER AND JUDGMENT**

The Parties' proposed class action settlement coming before the Court for a fairness

hearing on _____, 2017, at _____ a.m. in Room __, United States District Court for the

District of Massachusetts, 1 Courthouse Way, Boston, MA 02210, at which all persons were

given an opportunity to be heard, the Court considering the submissions of the Parties, including

Plaintiff's Motion for Final Approval of Class Action Settlement, the statements of counsel, and

the fairness of the settlement's terms, **IT IS HEREBY ORDERED THAT:**

1.      This Court grants final approval of the Settlement Agreement and Release,

including, but not limited to, the releases therein, and finds that the settlement is in all respects

fair, reasonable, and adequate, and in the best interests of all those affected by it.  Any timely

objection that was filed has been considered and is overruled.  Accordingly, this Final Judgment

and Order binds all members of the Class who did not opt out.

2.      This Court has jurisdiction over Plaintiff ARcare, Inc., the members of the

Settlement Class, Defendant Cynosure, Inc., and the claims asserted in this lawsuit.

3.      This Court finds that the Parties entered into the Settlement Agreement and

Release in good faith, following arm's-length negotiations, and that it was not collusive.

1

**CLASS CERTIFICATION**

4.  On _____, 2017, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Preliminarily Approving Settlement and Certifying Settlement Class" (the "Preliminary Approval Order").

5.  The Preliminary Approval Order certified the following class solely for purposes of settlement: "All persons or entities who were sent one or more facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure from July 27, 2012 through _____ [the date of preliminary approval]" (the "Settlement Class").  In the Settlement Agreement and Release, the Parties agreed that this is a proper class definition solely for purposes of settlement.  Excluded from the Settlement Class are (a) all current employees, officers, and directors of Cynosure; and (b) the undersigned Judge presiding over this Action and his staff.  Also excluded from the Settlement Agreement and Release are those Settlement Class Members that timely submitted written requests for exclusion to the Settlement Administrator.

6.  The Preliminary Approval Order also appointed Plaintiff as the Class Representative and appointed attorneys Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC, Randall K. Pulliam of Carney Bates & Pulliam, PLLC, and Alan L. Cantor of Swartz & Swartz, P.C. as Class Counsel.

**CLASS NOTICE**

7.  Plaintiff submitted the affidavit of _____ to demonstrate that the "Notice of Class Action Settlement" (the "Notice") was sent to the members of the Settlement Class as ordered in the Preliminary Approval Order.  The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable

2

under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## OBJECTIONS AND OPT OUTS

8.      The following _____ members of the Settlement Class filed objections to the settlement: __.  The Court has considered each of these objections carefully and has overruled them.  None of these objections raised a valid concern about the Settlement Agreement and Release.

9.      The following persons have requested exclusion and are hereby excluded from the Settlement Agreement and Release and this case: _____.

## CLASS COMPENSATION

10.      Defendant has made available $16,000,000.00 (the "Settlement Fund") to pay cash compensation to the Settlement Class, to pay a service award to Plaintiff for serving as the Class Representative, to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses, and to pay for the expenses of settlement administration.

11.      As the Parties agreed in the Settlement Agreement and Release, each member of the Settlement Class who submits a timely and valid Proof of Claim Form will be paid $200.00, subject to the following exceptions:  (1) if the claims and other payments approved herein would be below $6,500,000.00, the amount each eligible Settlement Class member is paid will be increased pro rata so that the total cost of settlement is $6,500,000.00; and (2) if the claims and other payments approved herein would exceed $16,000,000.00, the amount each eligible Settlement Class member is paid will be reduced pro rata so that the total cost of settlement is $16,000,000.00.  The Settlement Administrator will cause those checks to be mailed within the later of 35 days after the Settlement Agreement and Release's Effective Date or 10 days after the resolution of any and all claims by members of the Settlement Class.  As agreed between the

3

Parties, checks issued to the eligible members of the Settlement Class will be void 180 days after issuance.  Any money remaining from checks issued to eligible members of the Settlement Class but not cashed within 180 days of issuance shall either be returned to Defendant or distributed to *cy pres* recipient(s) according to the Settlement Agreement and Release.

## AWARDS OF INCENTIVE AWARD AND ATTORNEYS' FEES AND COSTS

12.     Pursuant to the Parties' agreement, the Court approves and awards a $15,000.00 service award to Plaintiff for serving as the class representative in this matter.  In accordance with the Settlement Agreement and Release, Defendant will pay that amount from the Settlement Fund on the Settlement Agreement and Release's Effective Date.

13.     Pursuant to the Parties' agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $4,000,000.00 (one fourth of the Settlement Fund), plus reasonable out-of-pocket expenses.  Defendant will pay those amounts from the Settlement Fund on the Settlement Agreement and Release's Effective Date.

14.     Pursuant to the Parties' agreement, the Court approves the payment of costs of settlement administration to the Settlement Administrator, including the cost of Notice and any taxes owed due to interest earned on the account holding the Settlement Proceeds.

## RELEASES AND DISMISSAL

15.     All claims or causes of action of any kind by Plaintiff and all members of the Settlement Class who have not requested exclusion are forever barred and released pursuant to the terms of the releases set forth in the parties' Settlement Agreement and Release.

16.     This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid requests for exclusion), and without fees or costs except as provided above.

4

**OTHER PROVISIONS**

17.     The Court adopts and incorporates all of the terms of the Settlement Agreement and Release by reference here.

18.     For 180 days, this Court retains continuing jurisdiction over this action, Plaintiff, all members of the Settlement Class, and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement and Release, including, but not limited to, their administration, implementation, interpretation, or enforcement.

19.     The parties to the Settlement Agreement and Release shall carry out their respective obligations thereunder.

20.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.


Dated: _____                    _____

                                               Honorable Douglas P. Woodlock