**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ARcare, Inc., on behalf of itself and all others similarly situated,

Plaintiff,

v.

Case No.: 1:16-cv-11547-DPW

Cynosure, Inc.,

Defendant.

## PLAINTIFF'S CORRECTED PROPOSAL FOR INITIAL DISTRIBUTION OF SETTLEMENT FUNDS

At the July 11, 2019 hearing, the Court requested a proposal for initial distribution of funds to claiming class members and to the settlement administrator. Since that time, Plaintiff has worked closely with the settlement administrator to make a determination of the distribution options available, and to maximize the efficiency and cost effectiveness of the process. The claims process has been successful, as 10% of potential claims have filed a valid proof of claim.

Attached hereto as Exhibit A is the declaration of Zachary Cooley, the KCC Project Manager for this matter. The declaration explains that, following the claims process, 6,851 persons submitted valid claims covering 7,624 total valid facsimile numbers on the class list. The Declaration further explains that KCC has incurred $223,295.03 payable to date and estimates that, depending on which proposal discussed below is adopted, it will incur an additional $41,260.77 to $58,599.89.[1] As the Court is aware, the settlement agreement also provides for the payment of attorney's fees, litigation expenses, and an incentive award from the $8,500,000.00 Settlement Fund. Plaintiff has moved for approval of certain sums and the Court has deferred ruling until the first distribution to claiming class members.

[1] Detailed invoices and future proposals are being filed under seal at KCC's request

Class Counsel sees two options for that initial distribution to class members. Under either option, Class Counsel recommends that KCC be paid the $223,295.03 incurred to date. The first option would be to hold back only enough money in the Settlement Fund to cover the requested sums for fees and incentive award plus current and future litigation expenses and future settlement administration expenses ("Option A"). That could be done by distributing $6,000,000.00 to class members now. Doing so would result in payments by check of $786.99 for each claimed unique fax number. That plan would, however, require every class member to provide tax information to the settlement administrator before they could be paid because it would represent a payment of over $600.00 in a single year. Exhibit A at paragraphs 6-8.

While the IRS has long required w-9's to be obtained at the time money in excess of $600 is paid from one party to another in order to facilitate the issuance of Form 1099's, it is only recently that this requirement has been extended to Qualified Settlement Fund's such as class action settlement proceeds. The result has significantly impacted the settlement administration of class actions. Given that the recovery in this case is significant and exceeds $600 per claimant, this distribution option will require KCC to contact each valid claimant and request a Form W-9 prior to issuing a check. KCC estimates that this would result in an additional approximately $17,000.00 in administration costs and an approximate 3-4 month delay in the class members being paid their initial distribution.

In the alternative, the First Distribution could be a payment of $590.00 for each unique claimed fax number to be made in 2019 (a total of $4,498,160.00) to class members, with the balance to be paid in 2020 with the already-contemplated Second Distribution ("Option B"). Class Counsel recommends this option because it saves both cost and time. Unlike Option A, this option allows money to be distributed immediately to class members, and does not cause class

members to provide their Tax ID number in a W-9 which could have a chilling effect on the number of eventual class members being compensated from this settlement. Option B is viable in this matter because of the timing and ability to make a distribution in calendar year 2019 and again in 2020. Due to this timing, in order to be effective, however, the order for distribution must require Defendant's payment to the settlement administrator by December 2, 2019, in order to give the administrator sufficient time for the First Distribution to be made in 2019. *See* Exhibit A at paragraph 8. In order for the Court's order to become effective under the Settlement terms prior to KCC's deadline, entry of the Order approving the plan of distribution must be entered by November 2, 2019.

Under either Option A or B, the same amount of dollars will be distributed to class members in the complete process of the settlement administration, other than the deduction from the distribution arising from the added expense of Option A. Also under either Option, Class Counsel anticipates subsequent rounds of distributions until all dollars in the settlement fund are exhausted.

In sum, Plaintiff recommends that the Court approve Option B and order an initial payment of settlement funds by Defendant to KCC of $4,721,455.03, $223,295.03 of which is to be kept by KCC as payment for services rendered to date and the remainder to be distributed to claiming class members at the rate of $590.00 per facsimile number in the class list. This option allows every class member with a valid claim to be paid in the quickest possible manner, and causes the least amount of settlement administration expenses.

Dated: October 16, 2019

Respectfully submitted,

ARcare, Inc. individually and as the representative of a class of similarly-situated persons,

By: */s/* David M. Oppenheim

Randall K. Pulliam, Esq. (pro hac vice)
rpulliam@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th St., Little Rock, AR 72201
Little Rock, Arkansas 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

Phillip A. Bock (pro hac vice)
phil@classlawyers.com
David M. Oppenheim (pro hac vice)
**BOCK, HATCH, LEWIS & OPPENHEIM, LLC**
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: (312) 658-5500
Facsimile: (312) 658-5555

Alan L. Cantor
**SWARTZ & SWARTZ, P.C.**
10 Marshall Street
Boston, MA 02108
Telephone: (617) 742-1900
Fax: (617) 367-7193

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Cynosure conferred in good faith with counsel for Plaintiff on October 14, 2019 to resolve or narrow the issues of this Motion, and that counsel for Plaintiff assents to this motion.

By: */s/* David M. Oppenheim