UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARcare, Inc., on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CYNOSURE, INC.,<br><br>Defendant. | )<br>)<br>)  CIVIL ACTION NO.<br>)  16-11547-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>FINAL APPROVAL ORDER AND JUDGMENT</u>**
June 6, 2022

The Parties' proposed class action settlement coming before the Court for a fairness hearing on July 11, 2019, at which all persons were given an opportunity to be heard; the Court subsequently holding hearings on May 20, 2021 and May 26, 2022; and the Court considering the submissions of the Parties, including Plaintiff's Motion for Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms,

**IT IS HEREBY ORDERED THAT:**

1. This Court grants final approval on the basis of the Second Amended Settlement Agreement and Release, submitted June 3, 2022 [Dkt. No. 86] including, but not limited to, the releases therein, and finds that the settlement is fair, reasonable, and adequate, and in the best interests of all those affected by it. No person submitted any objection to the settlement or appeared at the noticed final approval hearing to object to it. Accordingly, this Final Judgment and Order binds all members of the Class who did not opt out.

2. This Court has jurisdiction over Plaintiff ARcare, Inc., the members of the Settlement Class, Defendant Cynosure, Inc., and the claims asserted in this lawsuit.

3. This Court finds that the Parties entered into the Settlement Agreement and Release as amended in good faith, following arm's-length negotiations, and that it was not collusive.

## CLASS CERTIFICATION

4. On March 14, 2019, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Authorizing Notice and Preliminarily Certifying Settlement Class" (the "Notice Approval and Preliminary Certification Order").

5. The Notice Approval and Preliminary Certification Order certified the following class solely for purposes of settlement: "All persons or entities who were sent one or more facsimile transmissions advertising the availability or quality of property, goods, or services of Cynosure from July 27, 2012 through March 13, 2019" (the "Settlement Class"). In the Settlement Agreement and Release as amended, the Parties agreed that this is a proper class definition solely for purposes of settlement. Excluded from the Settlement Class are (a) all current employees, officers, and directors of Cynosure; and (b) the undersigned Judge presiding over this Action and his staff. Also excluded from the Settlement Agreement and Release as amended are those Settlement Class Members who timely submitted written requests for exclusion to the Settlement Administrator.

6. The Notice Approval and Preliminary Certification Order also appointed Plaintiff as the Class Representative and appointed attorneys Phillip A. Bock of Bock Hatch & Oppenheim, LLC, Randall K. Pulliam of Carney Bates & Pulliam, PLLC, and Alan L. Cantor of Swartz & Swartz, P.C. as Class Counsel.

## CLASS NOTICE

7. Plaintiff submitted the affidavit of Zachary Cooley to demonstrate that the "Notice of Class Action Settlement" (the "Notice") was sent to the members of the Settlement Class as ordered in the Notice Approval and Preliminary Certification Order. The Court finds that the Notice and the process by which it was sent complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution,

constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## OBJECTIONS AND OPT OUTS

8. No member of the Settlement Class filed an objection to the settlement.

9. There are eight persons who have requested exclusion and are hereby excluded from the Settlement Agreement and Release as amended. They are: Gao Medical, PLLC; Scott W. Barttelbort, M.D.; Raincross Medical Center of Dermatology and Cosmetic Surgery; Center for Special Minimally Invasive & Robotic Surgery; Palouse Specialty Physicians; St. Joseph's Ear, Nose & Throat Clinic, PLLC; Robinson Family Clinic; and Manhattan Medical Clinic.

## CLASS COMPENSATION

10. Defendant has made available $8,500,000.00 (the "Settlement Fund") to pay cash compensation to the Settlement Class, to pay a service award to Plaintiff for serving as the Class Representative (which Plaintiff has elected to waive), to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses as ordered by the Court, and to pay for the expenses of settlement administration.

11. As the Parties agreed in the Settlement Agreement and Release as amended, each member of the Settlement Class who submitted a timely and valid Proof of Claim Form will be paid a *pro rata* share of the remaining Settlement Fund after deduction of Class Counsel's attorneys' fees and reasonable out-of-pocket expenses and the expenses of settlement administration. The distribution of funds to class members will take place as follows: First, a check in the amount of $500.00 will be sent to each approved claimant who has provided the requisite tax information to the Settlement Administrator. The Court authorizes the Settlement Administrator to collect Form W9 tax information as warranted. The Settlement Administrator will cause claimants' checks to be mailed no later than July 13, 2022. As agreed between the Parties, checks issued to the eligible

members of the Settlement Class will be void as of January 9, 2023. Second, after the void date following initial check distributions, the Court will determine whether a second distribution of remaining funds in the Settlement Fund should be undertaken, and determine and award attorneys' fees and expenses and any further cost reimbursement to the Settlement Administrator. The hearing with respect to any second distribution, award of attorneys' fees, and any further cost reimbursement to the Settlement Administrator shall be held at 2:30 p.m. on January 31, 2023.

12. Pursuant to the Parties' agreement, the Court approves the payment of costs of $223,295.03 to date for settlement administration by the Settlement Administrator.

## RELEASES AND DISMISSAL

13. All claims or causes of action of any kind by Plaintiff and all members of the Settlement Class who have not requested exclusion are forever barred and released pursuant to the terms of the releases set forth in the Settlement Agreement and Release as amended.

14. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid requests for exclusion), and without fees or costs except as provided above.

## OTHER PROVISIONS

15. The Court adopts and incorporates all of the terms of the Settlement Agreement and Release as amended by the Second Amended Agreement and Release entered into June 3, 2022 ("The Agreement") by reference here.

16. Defendant is hereby enjoined from sending advertising faxes that do not comply with the Telephone Consumer Protection Act, 47 U.S.C. §§227, et seq., and any regulatory rulings promulgated thereunder by the Federal Communications Commission, for as long as

that Act, and/or any such regulation or declaratory ruling is effective.

17. This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Settlement Class, and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement and Release as amended, including, but not limited to, their administration, implementation, interpretation, or enforcement.

18. The parties to the Settlement Agreement and Release as amended shall carry out their respective obligations thereunder.

19. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

                                           ***/s/ Douglas P. Woodlock***
                                           DOUGLAS P. WOODLOCK
                                           UNITED STATES DISTRICT JUDGE